FINAL REPORT[1]


*Amendment of Rules 490 and 490.1*

SUMMARY EXPUNGEMENT FOR DEFENDANTS UNDER THE AGE OF 18

---

On March 1, 2019, effective July 1, 2019, upon the recommendation of the Criminal Procedural Rules Committee, the Court amended Rules 490 (Procedure for Obtaining Expungement of Summary Cases; Expungement Order) and 490.1 (Procedure for Obtaining Expungement of Truancy Cases; Expungement Order) to clarify the procedures for the expungement of summary cases for defendants under the age of 18 in two circumstances: (1) expungement under 18 Pa.C.S. §9123(a); and (2) the expungement of summary convictions and delinquency adjudications that result from a failure to comply with the sentence on the underlying summary convictions. These amendments have adopted in conjunction with amendments to Pa.R.J.C.P. 170 and 172.

The Criminal Procedural Rules Committee and the Juvenile Court Procedural Rules Committee, by means of a joint subcommittee, explored rule changes to address two issues regarding the expungement of summary offenses when the defendant is under 18 years old: (1) expungement under 18 Pa.C.S. §9123(a); and (2) the expungement of summary convictions and delinquency adjudications that result from a failure to comply with the sentence on the underlying summary convictions.

There are two statutes that permit the expungement of summary convictions. The first statute, 18 Pa.C.S. § 9122(b)(3)(i), generally applies without reference to the age of the defendant and requires the defendant to be free from arrest or prosecution for five years. This statute also contains a provision for the expungement of underage drinking convictions when the defendant is 20 years or older, provided the violation occurred when the defendant was at least 18 years old.

The second statute, 18 Pa.C.S. § 9123(a), applies to "juvenile records" and permits the expungement of a conviction for a summary offense if the defendant is 18 years or older and six months have elapsed after satisfying the sentence. The statute

---

[1] The Committee's *Final Reports* should not be confused with the official Committee *Comments* to the rules. Also, note that the Supreme Court does not adopt the Committee's *Comments* or the contents of the Committee's explanatory *Final Reports*.

also contains a provision for the expungement of underage drinking convictions when the defendant is 18 years or older, provided the violation occurred when the defendant was under 18 years old.

Prior to this amendment, Pa.R.Crim.P. 490 (Procedure for Obtaining Expungement in Summary Cases; Expungement Order) cited to Section 9122 and not Section 9123(a). Summary offenses are specifically excluded from the Juvenile Act and Pa.R.J.C.P. 170 (Motion to Expunge or Destroy Records) did not recognize Section 9123(a) as it pertains to summary convictions when the defendant is under 18 years of age.

The Committees did not see merit in establishing two different procedures to expunge the same conviction in the magisterial district ("MDJ") court based on the age of the defendant. Therefore, Pa.R.Crim.P. 490 has been amended to include reference to 18 Pa.C.S. § 9123(a) so that these expungements proceed in accordance with the Criminal Rules. A cross-reference to Rule 490 has been added to the *Comment* to Pa.R.J.C.P. 170.

The other issue that the Committees examined was what procedures should be used to expunge both the summary conviction and the juvenile record when the conviction is certified pursuant to Pa.R.J.C.P. 200(3) and 42 Pa.C.S. § 6304.1. Pa.R.J.C.P. 200(3) and 42 Pa.C.S. § 6304.1 provide that a delinquency petition may be filed in a case where a juvenile has failed to comply with the sentence arising from a summary conviction. The question was whether a petition pursuant to Pa.R.Crim.P. 490 needed to be filed to expunge the summary conviction and another petition pursuant to Pa.R.J.C.P. 170 needed to be filed to expunge the certification and any subsequent juvenile court record.

The Committees recognize that requiring an expungement petition in the criminal court for the summary offense and another expungement petition in the juvenile court may be burdensome. However, it was observed that eligibility for expungement of the MDJ record and the juvenile record are so different that one court should not expunge both records. For example, a curfew violation may result in a summary conviction and fine. If the minor fails to comply with the sentence (*i.e,* pay the fine), then the matter may be certified to the juvenile court. A majority of these types of certifications result in an informal adjustment, consent decree, or entry into a diversion program rather than a petition being filed. Consequently, the minor would be entitled to expungement of the juvenile record pursuant to 18 Pa.C.S. § 9123(a)(2) six months after completing the program. However, the underlying summary offense could not be expunged until the defendant was at least 18 years of age. *See* 18 Pa.C.S. §§ 9123(2.1), (2.2). The minor could be eligible for expungement of the juvenile record before being eligible for expungement of the summary conviction. Accordingly, the Committees agreed to recommend a two-petition procedure. The *Comment* to Pa.R.Crim.P. 490 has been revised to inform readers of the dual tracks for the expungement of certified failure to comply cases and the underlying summary offense.

Finally, a cross-reference to the Rule 490 procedures for expungement of summary cases other than truancy has been added to the *Comment* to Rule 490.1 Procedure for Obtaining Expungement of Truancy Cases; Expungement Order).